```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                                CIVIL ACTION

V.                                                      NO. 12-01

TROY HANKTON                                            SECTION "F"


                         ORDER AND REASONS

Before the Court is Troy Hankton's motion to reconsider the Court's denial of his motion to vacate his sentence. For the following reasons, the motion is DISMISSED for lack of jurisdiction.

                                I.

In its Order and Reasons dated August 30, 2018, this Court considered Hankton's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and determined that all of his claims lacked merit.[1] And on September 5, 2018, the Court entered a judgment, denying Hankton's motion to vacate his sentence. Nine days later, Hankton filed a Notice of Appeal respecting this Court's September 5, 2018

---

[1] In his initial § 2255 motion to vacate, Hankton sought habeas relief on the grounds that: (1) his counsel was ineffective; (2) the Court incorrectly applied a sentencing enhancement under the United States Sentencing Guidelines for conduct that the defendant was not convicted of; (3) the U.S. Attorney's office was guilty of prosecutorial misconduct; (4) the government breached the plea agreement by seeking a sentencing enhancement; (5) he did not plead guilty to crimes necessary to warrant his conviction under 18 U.S.C. § 924(o), which makes it illegal to use or carry a firearm in relation to any crime of violence or drug trafficking crime; and (6) Sessions v. Dimaya may apply to his case.

1

judgment. Thereafter, on September 20, 2018, Hankton filed a motion to reconsider this Court's denial of his motion to vacate. In the instant motion, the defendant contends that: (1) his Fifth Amendment due process rights have been violated because he lacks access to resources that would enable him to prepare his defense; (2) he received ineffective assistance of counsel and has since learned about "newly discovered evidence and/or the manifestation of errors of law . . . [that] could change the outcome of his case;" and (3) the provision to which he pled guilty may be unconstitutionally vague, in light of the Eleventh Circuit's decision in Ovalles v. United States, 889 F.3d 1259 (11th Cir. 2018), to rehear a panel opinion addressing the constitutionality of this provision.

II.

*A.*

Motions requesting reconsideration of final judgments generally fall under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012); Waste Mgmt. of La., Inc. v. River Birch, Inc., No. 11-2405, 2012 WL 876717, at *1 (E.D. La. Mar. 14, 2012); Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment.

2

Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173–74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc). Accordingly, "[w]hen a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010). Because Hankton filed his pending motion within twenty-eight days after entry of the final judgment of which he seeks reconsideration, Rule 59(e) governs Hankton's motion for reconsideration.

*B.*

However, this Court may not consider the merits of Hankton's Rule 59(e) motion because it is without jurisdiction to do so. Fifth Circuit precedent instructs that where a Rule 59(e) motion to alter or amend a judgment challenges a district court's denial of relief under § 2255, the motion operates as a "second or successive" request for habeas relief. See Williams, 602 F.3d at 301-02; see also Villegas v. Stephens, 631 F. App'x 213, 214 (5th Cir. 2015) (per curiam) ("[Where a] motion to alter the judgment seeks to undo the district court's denial of habeas relief, it

3

runs afoul of the prohibition against unauthorized successive petitions.").

Because Hankton's motion for reconsideration operates as a second or successive § 2255 motion, he was required to obtain certification from the United States Court of Appeals for the Fifth Circuit in accordance with § 2244. See 28 U.S.C. § 2255(h). Accordingly, before this motion can be considered on the merits by this District Court, the defendant must obtain authorization to file this second or successive motion from the Fifth Circuit by making a prima facie showing that:

(1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
(2)
(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Until such time as the defendant obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly, IT IS ORDERED: that the defendant's motion to reconsider this Court's denial of his motion to vacate is DISMISSED for lack of jurisdiction.

New Orleans, Louisiana, October 22, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE