UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

v.                                               NO. 12-1

TROY HANKTON                                     SECTION "F"


TRANSFER ORDER

Troy Hankton moves the Court to vacate his 2016 conviction and sentence under 28 U.S.C. § 2255. To support the request, he asserts the following ground for relief:

1)   In light of Garza v. Idaho, 139 S. Ct. 738 (2019), he is entitled to relief from his guilty plea agreement based on ineffective assistance of counsel and denial of his appellate rights.

A review of the record reflects that Hankton filed a prior § 2255 motion to vacate the same conviction and sentence. In that motion, Hankton asserted that: (1) his counsel was ineffective; (2) the Court incorrectly applied a sentencing enhancement under the United States Sentencing Guidelines for conduct that Hankton was not convicted of; (3) the Office of the United States Attorney was guilty of prosecutorial misconduct; (4) the United States

1

breached the plea agreement by seeking a sentencing enhancement;
(5) he did not plead guilty to crimes necessary to warrant his
conviction under 18 U.S.C. § 924(o), which makes it illegal to use
or carry a firearm in relation to any crime of violence or drug
trafficking crime; and (6) that Sessions v. Dimaya, 138 S. Ct.
1204 (2018), may apply to his case. The Court denied his motion to
vacate and declined to issue a certificate of appealability.

Despite Hankton's assertions to the contrary, his motion is
a second or successive application under 28 U.S.C. §§ 2244 and
2255. To overcome the prohibition against second or successive
applications, the motion must be certified by a panel of the
appropriate court of appeals to contain —

1) newly discovered evidence that, if proven and
viewed in light of the evidence as a whole, would
be sufficient to establish by clear and convincing
evidence that no reasonable factfinder would have
found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive
to cases on collateral review by the Supreme Court,
that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

Before this Court can consider his motion on the merits,
Hankton must obtain certification from the United States Court of

Appeals for the Fifth Circuit to file this second or successive motion. Until then, this Court lacks jurisdiction. Accordingly,

IT IS ORDERED that Troy Hankton's motion to vacate is construed in part as a motion for certification for consideration of second or successive claims.

IT IS FURTHER ORDERED that Troy Hankton's motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 for that court to determine whether Troy Hankton is authorized under 28 U.S.C. §§ 2244 and 2255 to file the motion to vacate in this Court.

New Orleans, Louisiana, February 19, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3