UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-1 |
| TROY HANKTON | SECTION: "F" |

TRANSFER ORDER

Troy Hankton moves the Court to vacate his 2016 conviction and sentence under 28 U.S.C. § 2255. To support the request, he asserts the following ground for relief:

1) "Use of § 924(c)(3)(B)'s residual clause effected a due process violation in levying the sentence in the instant criminal case."

A review of the record reflects that Hankton has filed two prior § 2255 motions to vacate the same conviction and sentence. In his first § 2255 motion, Hankton asserted that: (1) his counsel was ineffective; (2) the Court incorrectly applied a sentencing enhancement under the United States Sentencing Guidelines for conduct that Hankton was not convicted of; (3) the Office of the United States Attorney was guilty of prosecutorial misconduct; (4) the United States breached the plea agreement by seeking a sentencing enhancement; (5) he did not plead guilty to crimes necessary to warrant his conviction under 18 U.S.C. § 924(o), which makes it illegal to use or carry a firearm in relation to any crime

1

of violence or drug trafficking crime; and (6) that Sessions v. Dimaya, 138 S. Ct. 1204 (2018), may apply to his case. The Court denied his motion to vacate and declined to issue a certificate of appealability. In Hankton's second § 2255 motion, he asserted that, in light of Garza v. Idaho, 139 S. Ct. 738 (2019), he is entitled to relief from his guilty plea based on ineffective assistance of counsel and denial of his appellate rights. The Fifth Circuit authorized the filing of this successive motion, which remains pending.

    Hankton's motion is a successive application under 28 U.S.C. §§ 2244 and 2255. To overcome the prohibition against successive applications, the motion must be certified by a panel of the appropriate court of appeals to contain —

1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

    Before this Court can consider his motion on the merits, Hankton must obtain certification from the United States Court of Appeals for the Fifth Circuit to file this second or successive motion. Accordingly,

IT IS ORDERED that Troy Hankton's motion to vacate is construed in part as a motion for certification for consideration of successive claims.

IT IS FURTHER ORDERED that Troy Hankton's motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 for that court to determine whether Troy Hankton is authorized under 28 U.S.C. §§ 2244 and 2255 to file the motion to vacate in this Court.

IT IS FURTHER ORDERED that Troy Hankton's motions for appointment of counsel and for "documents at government's expense" are DENIED without prejudice to Hankton's right to re-urge the motions should the Fifth Circuit authorize his successive motion.

New Orleans, Louisiana, July 23, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE