UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 12-1 |
| TROY HANKTON | SECTION: "F" |

ORDER AND REASONS

Troy Hankton moves to vacate his conviction under 28 U.S.C. § 2255. For the reasons that follow, his motion is DENIED.

**Background**

Troy Hankton was a leading member of the Hankton Group, a criminal enterprise involved in murder, bribery, money laundering, and drug trafficking. For a time, the Group's "gunmen" and "distributors" menaced New Orleans' "Central City" neighborhood with startling violence and sophistication. In furtherance of the Group's drug trafficking conspiracy, Hankton distributed crack from street corners, coordinated a network of stash houses, suppliers, and distributors, and even shot up a vehicle parked outside a food stand in an attempt to kill rivals that had drawn the Group's ire. Hankton regularly carried a firearm and was, evidently, not afraid to use it. See Factual Basis as to Troy Hankton, United States v. Hankton (E.D. La. Apr. 27, 2016).

On June 19, 2014, Hankton was charged in a three-count superseding indictment. Count 1 charged Hankton with engaging in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d).

1

Count 2 charged Hankton with knowingly and intentionally conspiring to distribute 280 grams or more of crack cocaine, five kilograms or more of powder cocaine, one kilogram or more of heroin, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846.  And most relevant for present purposes, Count 3 charged Hankton with conspiring to possess firearms during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(o).

On April 27, 2016, Hankton pled guilty to Count 3 in exchange for the Government's dismissal of Counts 1 and 2, which carried stiffer potential penalties.  (In all likelihood, Hankton's plea agreement allowed him to avoid a life sentence.)  On October 12, 2016, this Court sentenced Hankton to 168 months' imprisonment. After the Fifth Circuit denied his direct appeal, Hankton filed a first motion to vacate under 28 U.S.C. § 2255 on December 11, 2017. This Court denied that motion on August 30, 2018.

On March 13, 2020, the Fifth Circuit ruled that Hankton "made 'a sufficient showing of possible merit to warrant a fuller exploration by the district court,' and granted [Hankton's] motion for authorization to file a successive 28 U.S.C. § 2255 motion based on the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019)."  See In re Hankton, No. 20-30114, at 1

(5th Cir. Sept. 22, 2020) (quoting In re Hankton, No. 20-30103, at 1 (5th Cir. Mar. 13, 2020)).

In accordance with the Fifth Circuit's directive, the Court now proceeds to evaluate the validity of Hankton's conviction under the new constitutional rule announced by the Supreme Court in United States v. Davis.

I.

In Davis, the Supreme Court struck down 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. See 139 S. Ct. at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."). The offending provision, known as the statute's "residual clause," defined "crime of violence" for purposes of § 924(c)'s sentence-enhancement regime as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See § 924(c)(3)(B); Davis, 139 S. Ct. at 2324.

II.

A.

In this case, Hankton was convicted and sentenced under 18 U.S.C. § 924(o), which imposes criminal liability on "person[s] who conspire[] to commit an offense under subsection (c)" of § 924. Subsection (c) in turn criminalizes the use or possession of a firearm "during and in relation to any crime of violence *or*

3

drug trafficking crime." See § 924(c)(1)(A) (emphasis added). Subparts (2) and (3) of subsection (c) define the subsection's twin-pillar predicate offenses.  For purposes of subsection (c), and for purposes of § 924(o) by extension,

> (2) . . . the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 [and]
>
> (3) . . . the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

See § 924(c)(2)-(3).

In Davis, the Supreme Court nullified subpart 3(b), but did not cast doubt on the constitutionality of the companion predicate offenses defined in subparts 2 and 3(a).  Accordingly, subparts 2 and 3(a) remain on the books and may, post-Davis, continue to supply the predicate for a constitutionally firm conviction under § 924(o), which criminalizes conspiracy to commit a § 924(c) offense.[1]

---

[1]   The Court joins several of its fellow courts in recognizing as much.  See, e.g., United States v. Flowers, 2020 WL 606706, at *2 (N.D. Ohio Feb. 6, 2020); Carver v. United States, 2019 WL 4891046, at *3 (M.D. Ga. Aug. 14, 2019).

4

B.

In this case, Hankton's § 924(o) conviction relies on at least one independent and adequate predicate offense under § 924(c): namely, Hankton's conspiring to distribute controlled substances, which is "a felony punishable under the Controlled Substances Act." See § 924(c)(2).  Indeed, Hankton was explicitly charged with this very offense in Count 2 of his indictment, and the factual basis he signed in support of his guilty plea refers to his engagement in a plethora of criminal drug trafficking activities with a firearm in tow.  See Opp. at 8 ("The defendant, who affirmed the accuracy of the Factual Basis both in Court and by his signature, agreed that the government had sufficient evidence to prove beyond a reasonable doubt that he trafficked controlled substances to numerous purchasers and users on a daily basis and utilized firearms in furtherance of these drug trafficking endeavors.").[2]

---

[2] This finding squares with the Fifth Circuit's decision in United States v. Jones, 935 F.3d 266 (5th Cir. 2019) (per curiam). There, the court applied Davis in vacating the appellants' § 924 convictions where there was "a reasonable probability" that the jury based the convictions at issue on the appellants' commission of constitutionally invalid "crime of violence" predicate offenses. See id. at 273-74.  In contrast, there is no question here that Hankton pled guilty to using a firearm in furtherance of crimes of violence *and* felony drug trafficking.  See supra Section II.B.  Thus, unlike Jones, where it was not clear that the jury would have convicted the appellants of their § 924 charges but for the inclusion of invalid "crime of violence" predicate offenses on the appellants' verdict forms, Hankton's guilty plea *here* rests on a wholly independent and "valid drug trafficking predicate." Compare id., with Jones, 935 F.3d at 273-74.

\*   \*   \*

Accordingly, the Supreme Court's decision in <u>Davis</u> does not invalidate Hankton's conviction, and IT IS THEREFORE ORDERED: that Hankton's motion to vacate is DENIED.[3]

New Orleans, Louisiana, November 3, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Because Hankton's motion fails on the merits, the Court declines to consider whether Hankton's vagueness claim was procedurally defaulted by his failure to raise it on direct appeal.